UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADELYN N. WADERLOW,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

    Defendant.

Case No. 19-11871
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING IN PART
MOTION FOR ATTORNEY'S FEES [23]**

Plaintiff Madelyn Waderlow was denied disability benefits by the Social Security Administration and appealed to federal district court in 2014 with the help of her attorneys at Daley Disability Law. District Judge Robert H. Cleland remanded that case to an administrative law judge (ALJ), who denied Waderlow's application for a second time. Waderlow sought review again by filing this action. She neglected to designate it as a companion case as required by this Court's local rules. After the parties agreed to remand the case to the Commissioner of Social Security, an ALJ determined that Waderlow is disabled under the Act, and the Social Security Administration awarded her prospective and retroactive benefits. Waderlow, through her attorney Meredith Marcus of Daley Disability Law, now petitions the Court for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

**I.**

Waderlow first applied for disability insurance benefits and supplemental security income in August 2014. (ECF No. 17, PageID.1731.) After she was denied benefits, she appealed the decision to another court in this District and her case was remanded to the ALJ. (*Id.* at

PageID.1732); *Waderlow v. Berryhill*, Case No. 17-11875 (E.D. Mich. Nov. 14, 2017) (Cleland, J.). On remand, Waderlow's claim was again denied by the ALJ. (*Id.*)

Waderlow then again appealed the Commissioner's decision denying her benefits. That appeal is this case. In March 2019 and in connection with this case, Waderlow signed a contingency fee contract with Daley Disability Law to represent her in federal court. (ECF No. 23-2.)

Waderlow sought summary judgment based on three issues with the ALJ's decision. (ECF No. 17, PageID.1731.) The Commissioner then stipulated to again remand Waderlow's case. (ECF No. 20, PageID.1761.) This time, Waderlow prevailed and the ALJ issued a fully favorable decision on August 26, 2020. (ECF No. 23 PageID.1770.) The Commissioner determined that Waderlow was entitled to disability benefits beginning in August 2013. (ECF No. 23-1, PageID.1781.) She was awarded a total of $89,869.60 in past-due benefits as well as prospective monthly benefits. (ECF No. 23 PageID.1170; ECF No. 23-1.) As is standard, the Commissioner withheld 25 percent of the past-due amount pending a determination of attorney's fees. (ECF No. 23-1, PageID.1784.)

The parties submitted a joint stipulation for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,121.51. (ECF No. 22.)

Waderlow, through Attorney Marcus, now requests an award of attorney's fees under 42 U.S.C. § 406(b) for the work of Marcus and her colleagues before this Court and before Judge Cleland for the prior remand. (ECF No. 23; ECF No. 23-4.) Waderlow requests an award of $22,467.40, which is equal to 25 percent of her past-due benefits. (*Id.* at PageID.1770.)

## II.

Section 406(b) of the Social Security Act authorizes the Court to award attorney's fees following the successful disposition of a Social Security disability appeal. The statute allows the Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Any award under § 406(b) is taken from the claimant's awarded past-due benefits. *Id.*

## III.

Marcus argues that Daley Disability Law is entitled to a fee equal to 25 percent of Waderlow's past-due benefits pursuant to the contingency-fee agreement Waderlow signed. (ECF No. 23, PageID.1770.) This request is not opposed by the Commissioner. Even so, the Court has an independent obligation to assess the reasonableness of an attorney's fee request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

The Court must first address the unusual circumstance that Waderlow is requesting in this motion fees not only for this second appeal, but also for her first federal court appeal before Judge Cleland. When Waderlow filed this case appealing the second denial of her claim, her attorneys should have identified this case as a companion to the original case before Judge Cleland. *See* E.D. Mich. L.R. 83.11(b)(7)(A)(iii) ("Companion cases are cases in which it appears that . . . they are Social Security cases filed by the same claimant."). The attorneys failed to do so and the cases were never consolidated or treated as companions. Waderlow already had the opportunity to recover any fees she was entitled to in the prior case before Judge Cleland. In fact, in that case Waderlow was awarded $3,831 in attorney's fees and costs under the EAJA. *See Waderlow v. Berryhill*, Case No. 17-11875, ECF No. 22 (E.D. Mich. Feb. 21, 2018).

Absent any controlling authority provided by Waderlow, the Court finds that she is not entitled to recover in this case additional fees for her prior case before Judge Cleland. The Social Security Act only authorizes fees for federal-court representation when the claimant is awarded past-due benefits "*by reason of such judgment*" of the court. 42 U.S.C. § 406(b)(1)(A). The remand in Judge Cleland's case resulted in a denial of benefits by the ALJ. So had Waderlow not again appealed, she would not have been awarded past-due benefits, and her attorneys would not be entitled to 25 percent of anything. It is only because Waderlow again appealed, and only because of a separate remand by *this* Court, that Waderlow was awarded past-due benefits. So Waderlow is not permitted to seek fees under § 406(b) for work done in connection with Judge Cleland's case.

With that issue resolved, the Court is left to consider the 29.15 attorney hours submitted in connection with the instant case. (ECF No. 23-4, PageID.1801.) Although Waderlow's contingency-fee agreement states that her attorneys are entitled to 25 percent of her past-due benefits, the Court must still assess the reasonableness of this agreement in light of the circumstances of this case.

The Social Security Act does not displace contingency-fee agreements that are within the 25 percent ceiling imposed by the Act, and so due deference should be given to those agreements. *Gisbrecht*, 535 U.S. at 793; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). As long as the contingency fee is 25 percent or less, there is a rebuttable presumption that an attorney should receive the full contingency fee under the contract; but the presumption is rebutted if "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990). Here, there is no indication that

Marcus or Daley Disability Law was ineffective or engaged in improper conduct. But the award Waderlow seeks may be a windfall given the large size of the award relative to the number of hours spent working on the case.

A windfall does not occur when the hypothetical hourly rate (determined by dividing the total fee award requested by the number of hours worked) is less than twice the standard rate for such work in the relevant market. *See Hayes*, 923 F.2d at 422. The multiplier of two recognizes that social security attorneys principally work on contingency and are successful in approximately 50 percent of the cases they file in court. *Id.*

Here, once the hours expended on Judge Cleland's case are removed, the hourly rate is $770. Specifically, Daley Disability Law seeks 25% of the $89,869.60 in past-due benefits, which is $22,467.40. Using just the hours expended for this second appeal, 29.15 hours, the hourly rate would be $22,467.40 divided by 29.15 hours or about $770 per hour.

So the question becomes whether $770 is less than twice the standard rate for such work in the relevant market. The Sixth Circuit has not defined "standard rate" and courts in this District have found a wide range of standard rates. *See, e.g.*, *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 926 (E.D. Mich. 2015) (finding a standard rate of $395 for public benefits lawyers in Michigan based on the 95th percentile reported by the State Bar of Michigan); *Riddle v. Comm'r of Soc. Sec.*, No. 17-10905, 2020 WL 4108692, at *3 (E.D. Mich. June 26, 2020), *report and recommendation adopted*, No. 17-10905, 2020 WL 4050458 (E.D. Mich. July 20, 2020) (noting that courts in the circuit have found standard hourly rates from under $200 to approximately $500); *Staple v. Comm'r of Soc. Sec.*, No. 16-CV-12648, 2019 WL 4891476, at *3 (E.D. Mich. Sept. 9, 2019) (finding a standard rate of $283 based on the 75th percentile for public benefits attorneys reported by the State Bar of Michigan); *Szostek v. Berryhill*, No. CV 14-11531, 2017 WL 6943420,

at *2 (E.D. Mich. Nov. 22, 2017), *report and recommendation adopted sub nom. Szostek v. Comm'r of Soc. Sec.*, No. 14-11531, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) ("A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and that doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny.").The parties have not provided any argument on this point, so the Court will follow a number of its sister courts and look to data released by the State Bar of Michigan. *See Economics of Law Practice in Michigan*, *The 2020 Desktop Reference on the Economics of Law Practice in Michigan*, State Bar of Michigan (2020), https://perma.cc/P8WT-8L93. According to the report, the median hourly rate for a public benefits attorney is Michigan is $175, and the 95th percentile rate is $350. *Id.* at 12. Even considering the high end of $350, Waderlow's hypothetical rate of $770 is more than double the standard rate, and thus not entitled to a per se finding of reasonableness.

Although there is no set formula to evaluate whether an attorney would receive an undeserved windfall when the calculated hourly rate is greater than twice the standard rate, the Sixth Circuit has suggested consideration of factors including "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Hayes*, 923 F.2d at 422. And *Gisbrecht* counsels that when assessing what is a reasonable fee, courts may consider factors like the character of the representation, the results achieved, and if the benefits are large in comparison to the amount of time spent on the case. 535 U.S. at 808.

According to the time log submitted by Daley Disability Law, 23.95 hours constitute attorney time and 5.2 hours constitute paralegal and office assistant time. (ECF No. 23-4, PageID.1800–1801.) "Courts to consider this factor have not settled on a particular standard rate

for paralegal or legal assistant time, but it is safe to say that such non-attorney professionals ought to be compensated at a rate lower than attorneys." *Acosta v. Comm'r of Soc. Sec.*, No. 14-10212, 2016 WL 8094540, at *8 (E.D. Mich. Nov. 17, 2016), *report and recommendation adopted*, No. 14-10212, 2017 WL 372000 (E.D. Mich. Jan. 26, 2017) (internal citations omitted). Another court in this District held in 2017 that "$150 is the maximum recoverable paralegal rate which would ensure no windfall occurs." *Parish v. Comm'r of Soc. Sec.*, No. CV 13-14410, 2017 WL 9472881, at *4 (E.D. Mich. Mar. 13, 2017), *report and recommendation adopted*, No. 13-CV-14410, 2017 WL 3084371 (E.D. Mich. July 20, 2017) (doubling the reasonable hourly fee). Allowing for inflation, the Court will consider $175 the maximum recoverable hourly rate for non-attorney time.

As to character of representation, the motion misleadingly suggests that Meredith Marcus, who provided evidence of her extensive credentials, was the principal attorney on this case. (ECF No. 23, PageID.1776.) But the time log shows that Marcus spent a total of 0.1 working on this case. (ECF No. 23-4, PageID.1800.) The vast majority of attorney hours were instead expended by Stephen Sloan. (*Id.*) According to his resume, Sloan has worked as an associate attorney at Daley Disability Law since December 2015 and has worked as the primary attorney on over 50 cases in federal district court. (ECF No. 23-3, PageID.1792.) Although not as experienced as Marcus, Sloan is clearly well-qualified and provided competent representation in this case.

Finally, the Court considers that the degree of difficulty of this case was not particularly high. The fact that Waderlow's claim was already twice rejected by an ALJ suggests that success was by no means guaranteed in this case. But as for the work expended, counsel filed a relatively standard motion for summary judgment and the Commissioner agreed to remand the case without the need for further briefing. That said, counsel achieved a very favorable ultimate result. Waderlow received past-due benefits dating back to 2013 and is also entitled to prospective

benefits moving forward. Counsel estimates Waderlow's potential lifetime benefits amount to over $210,000. (ECF No. 23, PageID.1778.)

As another judge in this District opined, these cases "require[] the Court to balance two competing and significant interests: first, the interest of Social Security recipients, often low-income, in receiving the full amount of benefits they have been awarded; second, and equally important, the interest of counsel in being fairly compensated for the representation they have provided." *Staple v. Comm'r of Soc. Sec.*, No. 16-CV-12648, 2019 WL 4891476, at *1 (E.D. Mich. Sept. 9, 2019). In light of these considerations, the Court finds that an effective hourly rate of $700 for attorney time (double the 95th percentile rate for public benefits attorneys in Michigan) and $175 for non-attorney time to be a generous, but reasonable hourly rate that avoids a windfall. *Horvath v. Berryhill*, No. 17-13746, 2020 WL 5944452, at *3 (E.D. Mich. Oct. 7, 2020). The Court will thus reduce the total award of attorney's fees under § 406(b) to $17,675. As Daley Disability Law acknowledges in its brief, it must refund the EAJA fee, as the smaller of the two awards, to Waderlow. *See Gisbrecht*, 535 U.S. at 796.

## IV.

For the foregoing reasons, the Court GRANTS IN PART Waderlow's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). For its work before this Court, the Court grants Daley Disability Law $17,675.00. Daley Disability Law is ordered to refund the EAJA fee of $5,121.51 it received in this case to Waderlow.

SO ORDERED.

Dated: May 6, 2021

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE